### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD M. KOPANSKI,<br><br>    Plaintiff,<br><br>       v.<br><br>COMMONWEALTH OF PENNSYLVANIA, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 3:05-CV-2400<br><br>(JUDGE CAPUTO) |

### **MEMORANDUM ORDER**

Before me is the Emergency Petition, (Doc. 5) for the Petitioner Edward M. Kopanski, Esquire.  The Emergency Petition seeks a stay of the commencement date of his sentence until he has "exhausted all of his federal remedies". *Id*.  The Emergency Petition relates to a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody which was filed November 18, 2005. (Doc. 1)  In the § 2254 petition, Mr. Kopanski states he is to serve a sentence of six months probation and pay a $1,000.00 fine. (Doc. 1)  An order of the Court of Common Pleas of Centre County dated November 7, 2005 directs that Mr. Kopanski commence his sentence December 8, 2005 at 9:00 a.m. and that on "that date and at that time Edward M. Kopanski shall report to the Centre County Probation Department" (Doc. 6).  The Emergency Petition before me seeks a stay to allow for the exhaustion of federal remedies which I must assume is the Court's consideration of the Petition of the § 2254 Petition for Writ of Habeas Corpus.  I have reviewed both petitions and find that they are defective as to personal jurisdiction over the respondent for the reason that they fail to comply with Rule 2(b) of the Rules

Governing § 2254 Cases in the United States District Courts.  Mr. Kopanski fails to name the state official having custody of him, and he fails to name the Attorney General of the Commonwealth of Pennsylvania, all in accordance with Rule 2(b) of the Rules Governing § 2254 Cases in the United States District Courts.  Mr. Kopanski named only the Commonwealth of Pennsylvania as respondent in both the Emergency Petition and the § 2254 Habeas Corpus Petition.  The court lacks personal jurisdiction over the respondent in this case because Mr. Kopanski failed to name the persons having custody of him, and, who are required to be named under Rule 2(b).  *See Smith v. Idaho*, 383 F.3d 934, 937 (9th Cir. 2004); *Stanley v. California Supreme Court* 21 F.3d 359, 360 (9th Cir. 1994) and *Proudfoot v. Furlong*, No. 96-7747, 1997 U.S. Dist. Lexis 14920, at *11 (E.D. Pa. Sept. 25, 1997).  In view of the lack of personal jurisdiction, the Emergency Petition will be denied.

    IT IS THEREFORE ORDERED that the Emergency Petition is dismissed without prejudice.

Date: December 6, 2005            /s/A. Richard Caputo  
                                               A. Richard Caputo  
                                               United States District Judge